# UNITED STATES DISTRICT COURT OF SOUTHERN OHIO
# WESTERN DIVISION, DAYTON

| | |
|---|---|
| TIERNEY DUMONT, INDIVIDUALLY, AS PARENT AND LEGAL GUARDIAN OF SAVANNAH COLEMEN, A MINOR CHILD<br><br>PLAINTIFF,<br><br>vs.<br><br>SUN COMMUNITIES, INC., ET AL.<br><br>DEFENDANTS. | CASE NO.<br><br>**DEFENDANT SUN COMMUNITIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

TO THE COURT CLERKL

PLEASE TAKE NOTICE that Defendant Sun Communities, Inc. hereby removes to this Court the state court action described below.

1. On July 23, 2020, Plaintiff commenced an action in the Montgomery County Court of Common Pleas entitled *Tierney Dumont, Individually, and as Parent and Legal Guardian of Savannah Coleman, a Minor Child v. Sun Communities, Inc., Oakwood Village, Oakwood Village, Inc., and Ohio Department of Medicaid*, as Case No. 2020 CV 02853. A true copy of the complaint filed in that action is attached to this Notice as Exhibit 1.

2. Defendant Sun Communities, Inc. ("Sun") is a publicly traded real estate investment trust that invests in manufactured housing and recreational vehicle communities. Sun owns several hundred such communities in the United States and Canada. Sun is a Maryland Corporation with its principal place of business in Southfield, Michigan.

3.  Plaintiff Tierney Dumont, Individually, and as Parent of Legal Guardian of Savannah Coleman, a Minor Child ("Plaintiff") is a resident of Ohio. Plaintiff's Complaint alleges that Tierney Dumont and her daughter, Savannah Coleman were residents of one of Sun's communities, which is commonly known as Oakwood Village. Oakwood Village is in Miamisburg, Ohio, which is in Montgomery County, Ohio. The Complaint alleges that Miss Coleman was violently attacked by a dog while at Oakwood Village and that as a result, Miss Coleman suffered permanent and serious injuries. Complaint at Complaint at ¶ 5 and Complaint at ¶ 8.

4.  The Plaintiff's Complaint erroneously names "Oakwood Village" as a defendant, but "Oakwood Village" is not a legal entity. It is simply a geographical place and the name of a community. Pursuant to 28 U.S.C. § 1441(b)(1) "[i]n determining whether a civil action is removeable on the basis of jurisdiction…the citizenship of defendants sued under fictitious names shall be disregarded."

5.  The Plaintiff's Complaint also erroneously names "Oakwood Village, LLC" as a defendant, identifying "Oakwood Village, LLC" as having a business address at 27777 Franklin Road, Southfield, Michigan 48034. That is the location of Sun's corporate headquarters. There is no legal entity known as "Oakwood Village, LLC" that is affiliated with Sun. According to the State of Michigan's Department of Licensing and Regulatory Affairs (which tracks corporate records in Michigan in a manner like the way the Ohio Secretary of State does) there is no legal entity called "Oakwood Village, LLC." There is an entity called "Oakwood Village, L.L.C." but it is not and has never been affiliated with Sun. Further, Oakwood Village, L.L.C. has not been in good standing since 2006.

6. The Plaintiff's Complaint names the Ohio Department of Medicaid ("ODM") as a Defendant. ODM is named only in the Fifth Count of Plaintiff's Complaint, which is a styled as claim for subrogation. However, it is not the Plaintiff who is claiming to have a subrogation claim. The Complaint alleges that ODM "may have paid medical expenses on behalf of Miss Coleman" and that ODM "may have a vested interest in the within action." Complaint at ¶¶ 25-26. The Complaint states that ODM "is being joined in this action to defend and protect its lien and/or subrogation interest, if one so exists." Complaint at ¶ 27. Plaintiff's Fifth Cause of Action merely serves to give notice to ODM to intervene in the action if it wishes to do so. The claim seeks no monies from ODM, nor does it seek to dispute ODM's right of subrogation. It appears the Plaintiff has named ODM as a Defendant for the sole purpose of defeating diversity; yet if ODM were to appear in the action it would not be as a defendant, it would be as a Third-Party Plaintiff. *Adams v. Frito-Lay, Inc.*, 2020 U.S. Dist. LEXIS 2528, N.D. Ohio, Jan. 8, 2020; *Porter v. Cuyahoga County*, 2020 U.S. Dist. LEXIS 45662, N.D. Ohio, March 17, 2020.

7. Accordingly, because the Plaintiff has sued fictious parties, non-entities and an entity that, if it were to appear, would do so as a Third-Party Plaintiff, there is completed diversity pursuant to 28 U.S.C. § 1332.

7. The amount in controversy exceeds $75,000.00, exclusive of interests and costs. Pled pursuant to the Ohio Civil Rules, the Plaintiff's Complaint seeks damages "in excess of $25,000," interest, equitable relief and punitive damages. Pursuant to 26 U.S.C. § 1446(c)(2)(A) the Court is not required to assume the Complaint seeks less than $75,000 if the initial pleading seeks "non-monetary relief; or a money judgment, but the State practice…permits recovery of damages in excess of the amount demanded." *Id*. Here, the Plaintiff seeks equitable relief and Ohio's state practice permits recovery of damages in excess of the amount demanded. Further,

the jurisdictional dollar amount can also be satisfied pursuant to 26 U.S.C. 1446(c)(2)(B) "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [the $75,000 threshold]". While Plaintiff's Complaint does not provide detail about her alleged injuries, the attack on Miss Coleman resulted in significant media attention. Plaintiff Tierney Dumont testified before an Ohio House of Representatives Committee that her family's life changed the day of the attack, that she found her daughter bleeding so badly that it turned her shorts from white to red, and that Miss Coleman needed a blood transfusion during a four-hour surgery that repaired a skull fracture and nine deep lacerations to her head, two more to her hand and an ear cut in three places.[1]

8. This notice of removal is timely filed under 28 U.S.C. § 1446(b)(1) which requires a defendant to file a notice of removal within thirty days of receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9. True copies of all the process, pleadings, orders and other papers or exhibits of every kind, in file in the underlying action and known to have been served by, or upon Defendant, are attached to this Notice as Exhibit 2. Sun is aware of no further proceedings in the underlying action.

10. Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as it is the district and division embracing the place where the underlying action is pending.

11. Sun will give Plaintiff and ODM written notice of the filing of this notice. Further, Sun will file this Notice of Removal with the Montgomery County Court of Common Pleas.

---

[1] https://www.whio.com/news/crime--law/mom-miami-twp-girl-attacked-dog-testifies-support-stricter-penalties-for-owners/3FIMiHE2GG3kAsuP4yofNP/, accessed August 14, 2020.

        Respectfully submitted,

        /s/ David G. Kern
        David G. Kern (0072421)
        Amy L. Butler (0075714)
        FisherBroyles, LLP
        201 East Fifth Street, Suite 1900
        Cincinnati, Ohio 54202
        O: (513) 340-4719
        F: (513) 239-5163
        M: (513) 265-7662
        david.kern@fisherbroyles.com

## PROOF OF SERVICE

    A copy of the foregoing was served on August 19, 2020 by email upon the following:

Jack R. Hilgeman
Cowan & Hilgeman
12 W. Monument Avenue, Suite 100
Dayton, Ohio 45402
jack@cowanhildgemanlaw.com

*Counsel for Tierney Dumont, Individually and*
*As Parent and Legal Guardian of Savannah*
*Coleman, a Minor Child*

    And by regular U.S. Mail to:

Ohio Department of Medicaid
50 W. Town Street
Columbus, Ohio 432135

        /s/ David G. Kern
        David G. Kern (0072421)