IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIERNEY DUMONT, Individually,
and as Parent and Legal
Guardian of S.C., a minor child,

      Plaintiff,

      v.

SUN COMMUNITIES, INC., *et
al.*,

      Defendants.

:

:    Case No. 3:20-cv-350

      JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S UNOPPOSED
MOTION FOR REMAND TO STATE COURT (DOC. #37);
REMANDING CASE TO MONTGOMERY COUNTY COURT OF
COMMON PLEAS; TERMINATION ENTRY

---

Plaintiff Tierney Dumont, individually and as parent and legal guardian of

S.C., a minor child, filed suit in the Montgomery County Court of Common Pleas,

seeking damages for severe injuries sustained by her daughter as a result of an

attack by a pit bull terrier.  Defendants removed the case to federal court based on

diversity of citizenship.  28 U.S.C. § 1332.  Plaintiff is a resident of Ohio.

Defendant Sun Communities, Inc., owner of the manufactured housing

community where Plaintiff's daughter lived and was attacked, is a Maryland corporation.[1]

On June 6, 2022, Plaintiff, with leave of Court, filed an Amended Complaint, adding Spencer and Colleen Ware, the owners of the dog, as Defendants.  The Wares are residents of Ohio.  Doc. #26.  On September 23, 2022, Plaintiff filed a Motion for Remand to State Court, Doc. #37, arguing that, because diversity jurisdiction no longer exists, remand is necessary.  In support, Plaintiff cites to 28 U.S.C. § 1447(c), which states, "[i]if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Defendants have not filed a memorandum in opposition to Plaintiff's motion.

In *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006), the Sixth Circuit held that, when non-diverse parties were added to the federal proceeding, thereby destroying diversity jurisdiction, the district court no longer had subject matter jurisdiction and a remand was required.  As in *Curry*, there is no indication that Plaintiff added the Wares as defendants solely for the purpose of destroying this Court's subject matter jurisdiction.  Rather, Plaintiff explained that, through

---

[1]  In the Notice of Removal, Doc. #1, Defendant Sun Communities explained that two other named Defendants—Oakwood Village and Oakwood Village, Inc.-- are not legal entities.  The Ohio Department of Medicaid was also named in a claim styled as a subrogation claim.  However, Plaintiff has no subrogation claim against Medicaid.  Rather, Medicaid, who "may have paid medical expenses on behalf of" Plaintiff's daughter, would have the right to intervene as a third-party plaintiff to recover those funds.  Accordingly, the Ohio citizenship of these other named Defendants did not destroy diversity jurisdiction.

discovery, it had become apparent that the Wares must be added "to provide

resolution of all claims." Doc. #24, PageID#109.

Based on the foregoing, the Court SUSTAINS Plaintiff's unopposed Motion

for Remand to State Court, Doc. #37. The captioned case is REMANDED to the

Montgomery County Court of Common Pleas.

The captioned case is hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.


Date: October 24, 2022

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3